C. W. Fiesel, Appellant, v. E. R. Bennett et al., Appellees.

No. 44484.

June 23, 1938.

H. M. Coggeshall, for appellant.

Stipp, Perry, Bannister & Starzinger, Carl A. Burkman, and Howard Hall, for appellees.

KINTZINGER, J.—A petition to the board of supervisors of Polk county, Iowa, relative to the establishment of a proposed water district, signed by more than 25 per cent of the resident property owners within the proposed water district, was filed with the Polk county board of supervisors under the authority of chapter 148, 47th General Assembly. About thirteen days thereafter an amendment to this petition was filed with the board of supervisors requesting that certain additional, adjacent and contiguous territory to that described in the original petition be included and made a part of the proposed benefited water district prayed for in the original petition. Such amendment to the original petition was also signed by more than 25 per cent of the resident property owners residing within the boundaries of the adjoining territory.

Due notice was given that a hearing on said petition, as amended, would be held at 10 a. m. on August 27, 1937. At this hearing held on August 27, the board of supervisors, acting under the provisions of chapter 148 of the 47th General Assembly, adopted a resolution establishing a single benefited water district, including the areas approximately described in both petitions.

Thereafter the board of supervisors caused a design of the water system to be prepared and a proposed schedule of assessments to be levied on the property in said district as required by chapter 148 of the 47th General Assembly. Notice of the hearing of the schedule of assessments was posted as required

by law, and all objections filed, if any, were heard at that time. Thereafter, an election was duly held by the voters of the district established by the board of supervisors. The vote at the election was 297 for and 102 against the construction.

Thereafter the board of supervisors had plans and specifications for the construction of the improvement prepared and placed on file by the engineer, and published notice to bidders. The board accepted the bid of the appellee, Pittsburgh-Des Moines Steel Company, but when this suit was commenced no formal contract for the construction of the system had been entered into.

Appellant contends that the board of supervisors never acquired jurisdiction to establish the proposed water district because the petition for its establishment was not signed by 25 per cent of the resident property owners therein. The lower court held that the proceedings of the board of supervisors substantially complied with the requirements of chapter 148 of the 47th General Assembly, and on motion of defendants dismissed plaintiff's petition. Plaintiff appeals.

The chief objection urged against the action of the board of supervisors is that the petitions filed did not contain the signatures of 25 per cent of the resident property owners of the benefited water district established by the board. It is also contended that other requirements of the statutes for the establishment of a water district have not been complied with.

Chapter 148 of the 47th General Assembly provides, inter alia, as follows:

"The board of supervisors of any county shall, on the petition of twenty-five (25) per cent of the resident property owners in any proposed benefited water district, grant a hearing relative to the establishment of such proposed water district; such petition shall set out the following and any other pertinent facts:

"(a)  The need of a public water supply;

"(b)  THE APPROXIMATE DISTRICT TO BE SERVED;

"(c)  The approximate number of families in the district;

"(d)  The proposed source of supply;

"(e)  The type of service desired, whether domestic only or for fire protection and other uses." Section 1.

The record shows that the original petition for the estab-

lishment of a proposed benefited water district was signed by more than 25 per cent of the resident property owners in the proposed district described in the original petition. The record also shows that several days after the filing of the original petition more than 25 per cent of the resident property owners, in an area adjacent and contiguous to the property described in the original petition, signed and filed a so-called amendment to the original petition, asking that it be enlarged so as to include the adjoining and contiguous real estate described in said purported amendment. The property described in the amended petition would enlarge the district described in the original petition about 30 per cent.

The amended petition contains the following statement:

"Comes now the undersigned, resident property owners of the following described property and petition your honorable board to include the following property in the proposed special water district now on file with your board."

The petition then describes the property referred to in the second petition as being an irregular shaped tract of ground adjacent to the property described in the first petition filed.

Among the questions involved in the determination of this action are:

1. The necessity of setting out in the petition the exact description of the property contained in the benefited water district, as finally established by the board.

2. The sufficiency of the evidence to sustain plaintiff's allegation that no petition was signed by 25 per cent of the property owners requesting the establishment of the district as finally established by the board.

3. The failure of the second petition to set out the requirements referred to in paragraphs a, c, d, and e of chapter 148 of the 47th General Assembly.

I. An examination of chapter 148 of the 47th General Assembly, hereinabove set out, shows that paragraph b of section 1 of that act requires that the petition set out, inter alia, "the approximate district to be served."

It is contended by appellee, and it may be true, that it is not necessary to set out the exact description contained in the petition filed with the board by the property owners because the

102

act provides that it designate "THE APPROXIMATE DISTRICT TO BE SERVED."

█ Appellant contends that this provision of the statute is not met when the district established contains at least 30 per cent more property than that contained in the original petition.

Webster's New International Dictionary defines the word "approximate" as, "situated or drawn very near or close together," "near to correctness," "nearly exact," "not perfectly accurate."

It is our conclusion that when it is proposed to establish a district almost one-third larger than that petitioned for, the petition does not set out an "approximate" description of the property in the district proposed to be served, and therefore the terms of the statute are not substantially complied with.

█ It is true that a so-called amendment was filed about 13 days after the original petition was filed and that this petition was signed by 25 per cent of the owners of the property described in it.

It is clear that 25 per cent of the property owners residing in the district described in the original petition did not petition for the establishment of the district established by the board of supervisors, and it follows that the district established was not petitioned for by 25 per cent of the residents of such unit or established district.

For reasons sufficient to the original petitioners, they did not desire to include in their proposed water district the territory described in the amendment.

The district established is not the approximate territory described in the original petition, and not having been petitioned for by 25 per cent of the residents of such district, the board was without jurisdiction to establish it.

As the petitions describing the district established by the board do not contain the signatures of 25 per cent of the owners of the property described in both petitions, it is our conclusion that the board exceeded its jurisdiction in establishing a district comprising the territory included in both petitions.

█ II. The record in this case shows that the second petition did not contain the requisite statements required by section 1 of chapter 148 of the 47th General Assembly, in that it did not state "(a) The need of a public water supply" in the added territory; "(c) The approximate number of families in the

district; (d) The proposed source of supply;" and "(e) The type of service desired, whether domestic only or for fire protection and other uses."

It may be that the petition first filed contained all the statutory requisites to authorize the establishment of a district including the territory therein set out, and that if the district established by the board had been limited to such territory it would have been considered a legal district. The record shows, however, that the board did not limit the district established to the property described in the original petition but added thereto about one-third more property than was included in the original petition.

We are constrained to hold that such action does not meet the requirements of the statute, and that the addition of such a large percentage of property to that described in the original petition does not "approximately" describe the property described in the original petition. It is therefore our conclusion that the requirements of the statute that the approximate description of the property be set out was not met. It is also our conclusion that the evidence fails to show that 25 per cent of the property owners in the district established by the board signed the petition for the establishment of said district.

It is our further conclusion that the record in this case fails to show that the statutory requirements of paragraphs (a), (c), (d), and (e) of section 1 of chapter 148 of the 47th General Assembly were met.

For the reasons hereinabove expressed, it is our conclusion that the judgment of the lower court in finding against the plaintiff cannot be sustained. The judgment of the lower court is therefore hereby reversed.—Reversed.

STIGER, C. J., and all Justices concur.